IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 3:18-cr-00223-JO<br>No. 3: 19-cr-00254-JO |
| v. | ) ) | |
| DARLENE MICHELLE STURDEVANT, | ) ) ) | OPINION AND ORDER |
| Defendant. | ) ) | |

JONES, J.

    Defendant Darlene Michelle Sturdevant moves under 28 U.S.C. § 2255 to vacate her 168-month prison sentence, contending that this court erred in sentencing her as a career offender under the Sentencing Guidelines, and that her attorney was ineffective for failing to oppose the career offender enhancement. Defendant argues that her two Oregon state convictions for distribution of heroin and of methamphetamine should not be counted as controlled substance offenses justifying career offender status. For the following reasons, I deny Defendant's motion.

### BACKGROUND

    In October 2018, Defendant pleaded guilty to one count of conspiracy to possess methamphetamine and heroin with intent to distribute. Case No. 18-cr-223. The conspiracy involved 500 grams or more of methamphetamine and 100 grams or more of heroin. Presentence

1   -- OPINION AND ORDER

Report (PSR) ¶ 1, ECF No. 60. In May 2018, Defendant was released on pretrial supervision. PSR ¶ 24.

In January 2019, while on pretrial supervision, Defendant was arrested for possession of heroin with intent to distribute. About 550 grams of heroin and $27,000 in cash were seized from Defendant's residence. PSR ¶ 35. Defendant pleaded guilty one count of possession of heroin with intent to distribute. Case No. 19-cr-254.

The PSR calculated a total offense level of 35 and a criminal history category of VI, for a guideline range of 292 to 365 months. PSR ¶ 91. Defendant's criminal history category was VI because she was treated as a career offender based on two 2007 Oregon state convictions for delivery of methamphetamine and heroin. U.S. Sentencing Guideline (U.S.S.G.) § 4B1.2(b) (defining "controlled substance offense"); U.S.S.G. § 4B1.1(a) (defining "career offender"). Defendant's criminal history category without the career offender enhancement would have been IV. PSR ¶ 70. The PSR recommended a sentence of 130 months' imprisonment, based on an 8-level downward variance. PSR at 3.

Defendant's counsel, Lisa Ludwig, filed objections to the PSR. PSR at 49-54. Among the objections, Ludwig argued against application of the career offender enhancement. In a letter to the court, Ludwig contended that a criminal history category of VI, based on the career offender enhancement, overrepresented Defendant's criminal history. Def.'s Letter at 4-6, PSR No. 62. Ludwig sought a sentence of 51 months. Def.'s Letter at 9; Def.'s Sentencing Mem. 3, ECF No. 63.

The sentencing hearing was January 22, 2020 before Chief Judge Marco Hernandez. Sentencing Transcript (Tr.), ECF No. 75. Judge Hernandez sentenced Defendant to 168 months' imprisonment, based on a total offense level of 30, with a criminal history category of VI, for a

range of 168-210 months' imprisonment. Judge Hernandez stated, "I find the guidelines to have arrived at the correct number, while I most of the time disagree with their recommendations." Tr. 27.

## LEGAL STANDARDS

### I. Motions Under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a court may grant relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To prevail on a motion under § 2255, a defendant must show that an error of constitutional magnitude occurred and that the error had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

### II. Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, a defendant must show that her attorney's performance was unreasonable under the prevailing professional standards and that the deficient performance prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). If the defendant fails to show either incompetent performance or prejudice, the court "must dismiss the claim." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

There is a strong presumption that counsel's conduct is reasonable. *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). "Review of counsel's performance is highly deferential." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986).

To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter,* 562 U.S. 86, 104 (2011) (quoting *Strickland,* 466 U.S. at 693). Rather, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland,* 466 U.S. at 687).

## DISCUSSION

Defendant contends that her trial counsel was ineffective for failing to adequately challenge the career offender enhancement. Under the Guidelines, a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export distribute, or dispense." U.S.S.G. § 4B1.2(b). Application Note 1 to U.S.S.G. § 4B1.2(b) further provides that "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offense[]."

4  -- OPINION AND ORDER

Courts have disagreed whether Application Note 1 is invalid because it goes beyond the scope of the U.S.S.G. § 4B1.2(b)'s definition of "controlled substance offense" to include the "inchoate" offenses[1] of conspiracy, aiding and abetting, and attempt. The Third Circuit, the Sixth Circuit, and the D.C. Circuit have held that Application Note 1 is invalid because it is not consistent with the text of the guideline itself, whose detailed definition of "controlled substance offense" does not include inchoate offenses. *See United States v. Nasir*, 982 F.3d 144, 159-60 (3d Cir. 2020) (en banc) ("inchoate crimes are not included in the definition of 'controlled substance offenses'" in U.S.S.G. § 4B1.2(b); *United States v. Havis*, 927 F.3d 382, 385-87 (6th Cir. 2019) (en banc) (per curiam) ("controlled substance offense" does not include attempt crimes); *United States v. Winstead*, 890 F.3d 1082, 1090-92 (D.C. Cir. 2018) (U.S.S.G. § 4B1.2(b) "presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses"). However, other circuit courts have held that the Note "is consistent with the text of U.S.S.G. § 4B1.2(b), as the commentary does not include any offense that is explicitly excluded by the text of the guideline." *United States v. Crum*, 934 F.3d 963, 966 (9th Cir. 2019) (per curiam) (citing *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995); *United States v. Piper*, 35 F.3d 611, 617 (1st Cir. 1994); *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994)[2]), *cert. denied*, ___ U.S. ___, 140 S. Ct. 2629 (2020); *see also United States v. Tabb*, 949 F.3d 81, 88 (2d Cir. 2020) (prior federal conviction for conspiracy to

---

[1] Inchoate crimes, such as conspiracy and attempt, "do not require completion of the criminal objective." *United States v. Macias-Valencia*, 510 F.3d 1012, 1014 (9th Cir. 2007).

[2] Since the Ninth Circuit decided *Crum*, the Third Circuit changed its position and joined the Sixth and D.C. Circuits on the other side of the circuit split. *United States v. Nasir*, 982 F.3d 144, 158-60 (3d Cir. 2020) (en banc) (relying on *Kisor v. Wilkie*, ___ U.S. ___, 139 S. Ct. 2400, 2414-15 (2019), which addressed the deference courts owe an agency's interpretations of regulations).

5   -- OPINION AND ORDER

traffic cocaine was a "controlled substance offense"); *United States v. Smith*, 989 F.3d 575, 584-85 (7th Cir. 2021) (accord).

In *Crum*, the Ninth Circuit held that circuit precedent forced it to find Application Note 1 was consistent with U.S.S.G. § 4B1.2(b):

> If we were free to do so, we would follow the Sixth and D.C. Circuits' lead. In our view, the commentary improperly expands the definition of "controlled substance offense" to include other offenses not listed in the text of the guideline. Like the Sixth and D.C. Circuits, we are troubled that the Sentencing Commission has exercised its interpretive authority to expand the definition of "controlled substance offense" in this way, without any grounding in the text of § 4B1.2(b) and without affording any opportunity for congressional review. *See Havis*, 927 F.3d at 386-87; *Winstead*, 890 F.3d at 1092. This is especially concerning given that the Commission's interpretation will likely increase the sentencing ranges for numerous defendants whose prior convictions qualify as controlled substance offenses due solely to Application Note 1.
>
> We are nonetheless compelled by our court's prior decision in *United States v. Vea-Gonzales*, 999 F.2d 1326 (9th Cir. 1993), *overruled on other grounds by Custis v. United States*, 511 U.S. 485 (1994), to reject the Sixth and D.C. Circuits' view. In *Vea-Gonzales*, we held that Application Note 1 of § 4B1.2 is "perfectly consistent" with the text of § 4B1.2(b). 999 F.2d at 1330. We explained that the text of § 4B1.2(b) defines the term "controlled substance offense" as encompassing violations of laws prohibiting the manufacture, import, export, distribution, or dispensing of drugs, and that aiding and abetting, conspiring, and attempting to commit such offenses constitute violations of those laws. *Id.* We thus concluded that Application Note 1 properly interprets the definition of the term "controlled substance offense" to encompass aiding and abetting, conspiracy, attempt, and other forms of the underlying offense. *Id.* No intervening higher authority is "clearly irreconcilable" with the reasoning of *Vea-Gonzales*, so we cannot overrule that precedent as a three-judge panel. *See United States v. Pepe*, 895 F.3d 679, 685–86 (9th Cir. 2018). As a result, we are not free to depart from the holding in our prior cases that the term "controlled substance offense" as defined in § 4B1.2(b) encompasses both solicitation and attempt offenses. *See [United States v. Shumate*, 329 F.3d 1026,1029–31 (9th Cir. 2003)]; *Vea-Gonzales*, 999 F.2d at 1330.

*Crum*, 934 F.3d at 966-67; *cf. id.* at 967-68 (Watford, J., dissenting) (arguing that the Oregon offense of delivery of methamphetamine is overbroad because it "criminalizes more conduct than the federal offense does"). Despite the Ninth Circuit's stated misgivings about result in *Crum*, the decision was good law when Defendant was sentenced and it remains good law today. *See,*

*e.g., United States v. Sorenson*, 818 F. App'x 668, 669 (9th Cir. 2020) (mem. disp.) (adhering to *Crum*); *United States v. Velasco*, __ F. App'x ___, 2021 WL 880659, at *2 (9th Cir. Mar. 9, 2021) (mem. disp.) (accord); *cf. Sorenson*, 818 F. App'x at 670 (Paez, J., concurring) (stating *Crum* was wrongly decided and recommending en banc review by the Ninth Circuit to overrule *Vea-Gonzales* and follow the reasoning of the Sixth and D.C. Circuits).

Given *Crum*'s holding, Defendant's attorney cannot be faulted for failing to argue that Application Note 1 improperly extends U.S.S.G. § 4B1.2(b) to inchoate crimes, or that Defendant's prior criminal convictions under the Oregon drug distribution statutes are too broad to be controlled substance offenses under the Guidelines. *See Crum*, 934 F.3d at 967 (Oregon conviction for delivery of methamphetamine was a "controlled substance offense"). Nor can Defendant's attorney be faulted for failing to advise Defendant during plea negotiations that Application Note 1 was invalid. Were this court to hold otherwise, defense counsel would be required to raise every conceivable issue despite controlling precedent to the contrary. In addition, as the government argues, the sentence imposed was within the Guideline range even without the career offender enhancement. *See* Gov't Resp. 10-11 & n.2 (without the career offender enhancement, Defendant would have a criminal history category of IV and a base offense level of 30, for a range of 135-168 months). Defendant has failed to show that her counsel was ineffective.

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence,

//

//

ECF No. 87 (3:18-cr-00223-JO), ECF No. 52 (3:19-cr-00254-JO ), are DENIED. Defendant is issued a certificate of appealability because she "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED April 26, 2021.

Robert E. Jones
United States District Judge